IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PIONEER CHRISTIAN ACADEMY, | ] |
| Plaintiff, | ] Case No: 3:12-CV-0610 |
| vs. | ] |
| | ] Judge Todd Campbell |
| THE CINCINNATI INSURANCE COMPANY | ] Magistrate Judge Brown |
| Defendants. | ] |

## MOTION TO ALTER OR AMEND SCHEDULING ORDER

Comes now the Plaintiff, PIONEER CHRISTIAN ACADEMY, by and through counsel, pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16.01(d)(4) moves this court to alter and/or amend the initial case management order previously set in this matter (*DE*. 9, 8/20/12) by extending the expert disclosure deadlines. No other deadlines would need to be extended. In support, Plaintiff would show as follows:

1. This matter initially appeared to be headed for cross summary judgment motions based on discussion of counsel and as such, both counsel agreed an appropriate approach may be to conduct discovery necessary as to liability only and allow for the filings of the cross motions in hopes costs of litigation could be somewhat minimized.

2. On September 14, 2012, Defendant produced initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) identifying documents instead of producing the documents.

3. On October 5, 2012, counsel for Plaintiff requested Defendant to provide a time to inspect the documents or to produce copies for which Plaintiff would pay reproductive costs. On October 8, 2012, Defendant stated they would start putting the documents together and would

let Plaintiff know when they were available for inspection. Counsel for Defendant made the documents available for pickup on November 9, 2012. Certain documents produced would be required for Plaintiff's expert on damages.

4. Based on the delay on receiving the documents produced, Plaintiff was forced to delay in sending its first set of written discovery. Responses to Plaintiff's First Set of Discovery are currently due on January 14, 2013.

5. Counsel for Plaintiff also requested dates from Defendant when they would be available to take the deposition of a certain fact witness, Belinda Scarlata, in this matter on December 13, 2012. This witness' testimony is highly relevant to liability in this matter. To date, Defendant has not provided any dates when they would be available to take her deposition.

6. The parties have been diligent in discovery in this matter; however the delays which did occur have necessitated Plaintiff to request an additional two weeks to make their expert disclosures.

7. The expert witness testimony in this matter should concern damages only and not liability; therefore any extension granted for expert discovery will not require an extension in dispositive motion deadlines or the currently set trial date.

WHEREFORE PLAINTIFF REQUESTS THIS HONORABLE COURT:

1. To extend the deadline for Plaintiff's expert disclosure for two weeks. (January 21, 2013 to February 4, 2013).

2. To extend the deadline for Defendant's expert disclosure for two weeks. (February 23, 2013 to March 11, 2013).

3. To extend the deadline for expert discovery for two weeks. (April 22, 2013 to May 6, 2013)

Respectfully Submitted,

**THE HIGGINS FIRM, PLLC**


**  /s/ JONATHAN A. STREET         **
**JONATHAN A. STREET, BPR # 021712**
Attorney for Plaintiff
116 Third Avenue South
Nashville, TN 37201
(615) 353-0930

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was delivered through the court's electronic filing system this 10th day of January, 2013 to the following:

Brewer, Krause, Brooks, Chastain & Burrow, PLLC
E. Jason Ferrell
2600 Renaissance Tower
611 Commerce Street
Nashville, TN 37203
615-256-8787
jferrell@bkblaw.com

**  /s/ Jonathan A. Street     **
**JONATHAN A. STREET**

3