IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PIONEER CHRISTIAN ACADEMY, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>THE CINCINNATI INSURANCE )<br>CO., )<br>)<br>Defendant/Counter-Plaintiff. ) | Case No. 3:12-cv-00610<br><br>JURY DEMAND |

### DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant/Counter-Plaintiff, The Cincinnati Insurance Co. ("Cincinnati"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, moves this Honorable Court for summary judgment on plaintiff/counter-defendant's claims for business income or loss of rents. As grounds for said motion, Cincinnati would demonstrate as follows:

1. Plaintiff/Counter-Defendant, Pioneer Christian Academy ("Pioneer") owned property located at 4479 Jackson Road, Whites Creek, Tennessee, 37189.

2. During 2009 and portions of 2010, the property was utilized as a school and rented by Nashville Global Academy.

3. In May or June of 2010, its tenant, Nashville Global Academy, vacated the premises.

4. Afterward its tenant vacated the premises, Pioneer attempted to find a suitable tenant for the property.

5. On or about August 6, 2010, a water supply line at the property failed, resulting in water damage to the property.

6. As of the date of the water loss, there was no agreement in place between Pioneer and any other entity to lease the property.

7. Cincinnati paid for damages to the property caused by the water damage.

8. On or about March 11, 2011, Pioneer notified Cincinnati of its intention to seek a claim under the business income coverage. It supplied an affidavit from Belinda Scarlata, an administrator for Family Christian Academy, in support of its claim.

9. The policy issued by Cincinnati contained the following Insuring Agreement for Business Income Coverage:

> **1. Business Income**
>
> a. We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical "loss" to property at a "premises" which is described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The "loss" must be caused by or result from a Covered Cause of Loss. With respect to "loss" to personal property in the open or personal property in a vehicle, the "premises" include the area within 1,000 feet of the site at which the "premises" are located.

10. While Belinda Scarlata, on behalf of Family Christian Academy, was at one time interested in the property, there was no agreement between Family Christian Academy and Pioneer to lease the Pioneer property.

11. Pioneer provided no other documentation to support an agreement with Family Christian Academy other than the affidavit. No evidence or documentation from any other entity was provided to Cincinnati to demonstrate Pioneer would have leased the property but for the water loss.

12. Pioneer sustained no "actual loss" necessary to support a business income claim.

Accordingly, because there was no actual loss of business income, Cincinnati has no obligation to pay Pioneer for its loss of rents. Therefore, Cincinnati is entitled to summary judgment as a matter of law, and Pioneer's complaint should be dismissed with prejudice. In support of its motion, Cincinnati relies upon its Memorandum of Law, Statement of Undisputed Facts, and excerpts of witness testimony contemporaneously filed.

Respectfully submitted,

_s/ E. Jason Ferrell_
**PARKS T. CHASTAIN**
Registration No. 13744
**E. JASON FERRELL**
Registration No. 24425
Attorneys for Defendant Cincinnati Insurance Company

**BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2014, a true and correct copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

    Jonathan A. Street, Esq.
    Higgins, Himmelberg & Pilponis, PLLC

116 Third Avenue South
Nashville, TN   37201

       _s/ E. Jason Ferrell_
       **E. JASON FERRELL**